IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELLEN CHALK and PAUL STEWART,
husband and wife, and ALL
OTHERS SIMILARLY SITUATED,

       Plaintiffs,

v.

T-MOBILE USA, INC., a
Delaware corporation, and
SONY ERICSSON MOBILE
COMMUNICATIONS (USA), INC., a
Delaware corporation,

       Defendants.

06-CV-158-BR

OPINION AND ORDER

LISA R. JOHNSTON-PORTER
Seidl Law Office, PC
806 S.W. Broadway, Suite 400
Portland, OR  97205
(503) 224-7840

      Attorneys for Plaintiff

1 - OPINION AND ORDER

**NANCY ERFLE**
**REBECCA A. LINDEMANN**
Schwabe Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR  97204
(503) 222-9981

**JOHN C. O'MALLEY**
**STEVE COLELLA**
**WARD J. LOTT**
Eagen O'Malley & Avenatti LLP
450 Newport Center Drive, Suite 200
Newport Beach, CA 92679
(949) 706-7000

        Attorneys for Defendants


**BROWN, Judge.**

    This matter comes before the Court on the parties' Joint
Stipulation Regarding Status of Class Certification (#60).  For
the reasons that follow, the Court **DISMISSES with prejudice**
Plaintiffs' class claims and allegations.


<u>BACKGROUND</u>

    On February 3, 2006, Plaintiffs Ellen Chalk and Paul Stewart
filed a Class-Action Complaint in this Court against T-Mobile
USA, Inc., and Sony Ericsson Mobile Communications, Inc., in
which Plaintiffs allege the following:

    On March 29, 2005, Stewart purchased a GC79 GPRS/Wireless
LAN PC Card (GC79) from T-Mobile manufactured by Defendant Sony
Ericsson Mobile Communications (USA), Inc.  At the time of

2 - OPINION AND ORDER

purchase, Stewart signed a Service Agreement with T-Mobile.

Plaintiffs were able to use their GC79 for a wireless connection to the Internet for approximately three weeks and then stopped using the GC79.  When Plaintiffs attempted to use the GC79 again in June 2005, the card would not properly insert into their IBM ThinkPad laptop PC.  Plaintiffs contacted T-Mobile technical support several times, and T-Mobile sent Plaintiffs refurbished GC79s on three separate occasions.  None of them, however, would insert into the ThinkPad.  After the third GC79 would not insert, T-Mobile technical support told Chalk that she would have to pursue the issue at the T-Mobile store where she purchased the original GC79.

At the T-Mobile store, a Sony representative was unable to get the GC79 to insert into the ThinkPad.  The Sony representative took information regarding the specifications of the ThinkPad and stated he would contact Chalk later about a solution.  Plaintiffs, however, contend they did not hear from the Sony representative despite numerous email inquiries.

On December 5, 2005, Plaintiffs' attorney sent a letter to T-Mobile's Customer Relations stating:

> This firm represents Paul Stewart and Ellen Chalk, and others similarly situated, for claims against T-Mobile and Sony Ericsson for false and misleading statements and concealment regarding a Sony GC79 aircard.  This letter is a good faith request to resolve the claims on behalf of [Plaintiffs] and the putative class.

3 - OPINION AND ORDER

Plaintiffs did not receive a response from T-Mobile.

In their Complaint, Plaintiffs brought claims for negligence; unjust enrichment; fraud by concealment; negligent misrepresentation; breach of implied warranties; breach of express warranties; violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310, *et seq.*; violation of the Lanham Act, 15 U.S.C. § 1125(a); and violation of Oregon's Unlawful Trade Practices Act (UTPA), Oregon Revised Statute § 646.605, *et seq*.

On May 8, 2006, Defendants filed a Motion to Dismiss or Stay Action and Compel Arbitration on the ground that the Service Agreement compelled Plaintiffs to arbitrate these claims.  The Court granted Defendants' Motion and dismissed the matter without prejudice.

On March 27, 2009, the Ninth Circuit reversed and remanded the matter to this Court on the ground that the waiver of Plaintiffs' right to bring a class action in the Service Agreement made the arbitration clause unconscionable.

After remand the parties engaged in discovery.  During discovery, Defendants provided customer-service records to Plaintiffs, which reflect only three customers at most had experienced any issues "even remotely" similar to those alleged by Plaintiffs.

Plaintiffs' class-certification motion was due February 2, 2010.  Plaintiffs, however, filed a Motion for Extension of Time

4 - OPINION AND ORDER

to complete, among other things, discovery relating to class
certification.  On February 10, 2010, the Court held a hearing on
Plaintiffs' Motion and directed the parties to file a joint
status report by February 24, 2010.

In the parties' February 24, 2010, Status Report, Plaintiffs
advised the Court that there was not any

> evidence that a class exists as to the facts
> currently alleged in Plaintiffs' Complaint.  As a
> result, Plaintiffs will not seek any further
> discovery as to class issues and hereby withdraw
> their request for a continuance of any class
> certification deadlines.  Plaintiffs also waive
> their rights to class relief in the above cause of
> action.

On March 19, 2010, the parties filed a Joint Status Report
in which they advised the Court that they had agreed on
"substantive settlement terms to dispose of this matter" as to
the individual Plaintiffs.  The parties sought the Court's
guidance "as to whether the Court will need to approve the
settlement agreement as it pertains to a potential putative
class."

On March 24, 2010, the Court issued a Minute Order in which
it acknowledged receipt of the Joint Status Report and directed
the parties to *Diaz v. Trust Territory of Pacific Islands*, 876
F.2d 1401, 1408 (9th Cir. 1989), in which the Ninth Circuit held
notice of dismissal of class claims must be provided to putative
class members under certain circumstances.  The Court further
directed the parties to provide the Court with a joint proposal

5 - OPINION AND ORDER

by April 15, 2010, concerning *Diaz*'s effect, if any, on the potential dismissal of the class claims in this matter.

On April 15, 2010, the parties filed a Joint Stipulation Regarding Status of Class Certification in which they assert Federal Rule of Civil Procedure 23 does not apply to the resolution of this action and "no notice or other future acts need be undertaken" as to putative class members.


## STANDARDS

Federal Rule of Civil Procedure 23 provides in pertinent part:

> **(d)   Conducting the Action.**
>
> > **(1)   In General**. In conducting an action under this rule, the court may issue orders that:
> >
> > > * * *
> >
> > > **(B)**   require--to protect class members and fairly conduct the action--giving appropriate notice to some or all class members of:
> > >
> > > > **(I)**   any step in the action;
>
> **(e)   Settlement, Voluntary Dismissal, or Compromise**.   The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > **(1)**   The court must direct notice in a

reasonable manner to all class members who
would be bound by the proposal.

**(2)**  If the proposal would bind class
members, the court may approve it only after
a hearing and on finding that it is fair,
reasonable, and adequate.

**(3)**  The parties seeking approval must file a
statement identifying any agreement made in
connection with the proposal.

**(4)**  If the class action was previously
certified under Rule 23(b)(3), the court may
refuse to approve a settlement unless it
affords a new opportunity to request
exclusion to individual class members who had
an earlier opportunity to request exclusion
but did not do so.

**(5)**  Any class member may object to the
proposal if it requires court approval under
this subdivision (e); the objection may be
withdrawn only with the court's approval.

Fed. R. Civ. P. 23(d) and (e).

## DISCUSSION

As noted, the parties assert Federal Rule of Civil Procedure
23 does not apply to the resolution of this action and "no notice
or other future acts need be undertaken."

In *Diaz* the plaintiffs filed a class-action complaint.
Before filing a motion to certify the class, the parties engaged
in discovery as to the proposed class, and plaintiffs' counsel
filed an affidavit advising the court that he and defense counsel
had "agreed on a partial amendment to the complaint to eliminate

certain categories of plaintiffs." 876 F.2d at 1403. The next
day, the parties stipulated to a dismissal of all claims relating
to certain potential class members. *Id*. The court signed an
order dismissing all of the plaintiffs' claims relating to
certain potential class members and found notice to putative
class members was not required pursuant to Federal Rule of Civil
Procedure 23(e). The Ninth Circuit reversed the district court
on the ground that Federal Rule of Civil Procedure 23(e) applied
even though the class had not yet been certified because the
dismissal was voluntary, there was a strong likelihood that
members of the putative class had knowledge of the litigation,
and the dismissal occurred a very short time before the statute
of limitations expired. Thus, the Ninth Circuit concluded the
district court erred by not requiring notice to the putative
class members before dismissing certain categories of class
members. *Id*. at 1411. The Ninth Circuit noted Federal Rule of
Civil Procedure 23(d)(4) "'provides a procedure to purge a
complaint and action of an improper class action without
'dismissing' the class action.'" *Id*. at 1406 (quoting *Bantolina
v. Aloha Motors, Inc.*, 75 F.R.D. 26 (D. Haw. 1977)). The court
also pointed out that the Fifth Circuit found in *Payne v.
Travenol Laboratories, Incorporated*, that the narrowing of the
class was not a dismissal of the class action requiring notice
pursuant to Federal Rule of Civil Procedure 23(e) when the

plaintiff redefined his class action to exclude black males. *Id.* (citing *Travenol*, 673 F.2d 798 (5th Cir. 1982)). The Ninth Circuit concluded:

> [I]f the court determines for any reason that class certification should be denied, it can thereafter dismiss the class allegations *without notice*. In other words, Rule 23(e) notice is *not required where the dismissal is involuntary*. *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978), *aff'd on other grounds sub nom Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed.2d 427 (1980); *Gaston v. [Calhoun] County Bd. of Ed.*, 88 F.R.D. 356 (N.D. Miss. 1980). As these cases demonstrate, courts have recognized numerous methods for avoiding Rule 23(e) notice.

*Id.* (citation omitted)(emphasis added). *See also Jones v. Caddo Parish School Bd.*, 704 F.2d 206, 214 (5th Cir. 1983)("[W]hen the dismissal is involuntary . . . and it did not involve collusion or benefit the representative plaintiffs at the expense of the remaining class members, the protection afforded by giving notice to the absentees [pursuant to FRCP 23(e)] is not required."). The *Diaz* court found the district court erred when it did not require notice to be given under Federal Rule of Civil Procedure 23(e) because the dismissal in that action was voluntary and prejudice to the putative class members was likely.

Here Plaintiffs acknowledged in the parties' February 24, 2010, Joint Statement that there is not any evidence "that a class exists as to the facts [as they are] currently alleged in Plaintiffs' Complaint." In addition, Defendants assert their

discovery establishes any putative class would consist of three to five members at best, and the representative Plaintiffs' issues are not typical of any purported class.  Defendants attach portions of the depositions of Plaintiffs, Plaintiffs' son (a former T-Mobile employee), and Defendants' Rule 30(b)(6) witnesses to support their assertions.  After reviewing the materials the parties attached to their Joint Statement, the Court agrees.

Accordingly, the Court **DISMISSES** Plaintiffs' class-action claims and allegations pursuant to Federal Rule of Civil Procedure 23(d)(4) and concludes notice of the dismissal to the putative class members is not required.

## CONCLUSION

For these reasons, the Court **DISMISSES with prejudice** Plaintiffs' class-action claims and allegations pursuant to Federal Rule of Civil Procedure 23(d)(4).  The Court **DIRECTS** the parties to submit an agreed form of judgment of dismissal no later than **May 26, 2010.**

IT IS SO ORDERED.

DATED this 11th day of May, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District

10 - OPINION AND ORDER